IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **BIAX CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**PHILIPS SEMICONDUCTORS B. V., PHILIPS CONSUMER ELECTRONICS SERVICES, B.V., PHILIPS CONSUMER ELECTRONICS NORTH AMERICA, and 2WIRE, INC.,**<br><br>Defendants. | **CIVIL ACTION  NO. 2-05 CV-544-TJW**<br>**JUDGE WARD**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff BIAX Corporation, by its attorneys, complains against Philips Semiconductors B.V., Philips Consumer Electronics Services B.V., and Philips Consumer Electronics North America and 2Wire, Inc. (collectively, "the Defendants"), and alleges as follows:

**The Parties**

1.      Plaintiff BIAX Corporation ("BIAX"), is a corporation organized under the laws of the State of Colorado with its principal place of business at 1942 Broadway, Suite 404, Boulder, Colorado 80302.

2.      On information and belief, Defendant Philips Semiconductors B.V. ("Philips Semiconductors") is a corporation organized under the laws of the Netherlands, with its principal place of business at Bldg. BE P, 5600 MD, Eindhoven, Netherlands. Philips Semiconductors manufactures semiconductor products, imports its products into

the United States and sells and/or offers for sale its products for importation into the United States. In addition, Philips Semiconductors' semiconductor products are marketed, sold, and/or offered for sale throughout the United States, including within this District.

3. On information and belief, Defendant Philips Consumer Electronics Services B.V. ("PCEBV") is a corporation organized under the laws of the Netherlands with its principal place of business at Boschdjik 525, Postbus 90050, 5600 PB Eindhoven, Netherlands. PCEBV imports its products into the United States and sells and/or offers for sale its products for importation into the United States. In addition, PCEBV's consumer electronics products are marketed, sold, and/or offered for sale throughout the United States, including within this District.

4. On information and belief, Defendant Philips Consumer Electronics North America ("PCENA") has a principal place of business at 64 Perimeter Center East, Atlanta, Georgia 30346. PCENA imports its products into the United States and sells and/or offers for sale its products after importation into the United States. In addition, PCENA's consumer electronics products are marketed, sold, and/or offered for sale throughout the United States, including within this District.

5. On information and belief, Defendant 2Wire, Inc. ("2Wire") is a corporation organized under the laws of Delaware with principal offices at 1704 Automation Parkway, San Jose, California 95131. On information and belief, 2Wire is a manufacturer and seller of consumer goods including 2Wire Intelligent Gateways containing digital processors and digital processing systems. In addition, 2Wire's consumer goods are marketed, sold, and/or offered for sale throughout the United States, including within this District.

**Jurisdiction and Venue**

6. This is an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

**The Patents**

8. United States Letters Patent No. 4,847,755 ("the '755 Patent"), entitled "Parallel Processing Method and Apparatus for Increasing Processing Throughput by Parallel Processing Low Level Instructions Having Natural Concurrencies" issued on July 11, 1989 to inventors Gordon E. Morrison, Christopher B. Brooks, and Frederick G. Gluck. A copy of the '755 Patent is attached hereto as Exhibit A.

9. United States Letters Patent No. 5,021,945 ("the '945 Patent"), entitled "Parallel Processor System For Processing Natural Concurrencies And Method Therefor" issued on June 4, 1991, to inventors Gordon E. Morrison, Christopher B. Brooks, and Frederick G. Gluck. A copy of the '945 Patent is attached hereto as Exhibit B.

10. United States Letters Patent No. 5,517,628 ("the '628 Patent"), entitled "Computer With Instructions That Use An Address Field To Select Among Multiple Condition Code Registers," issued on May 14, 1996 to inventors Gordon E. Morrison, Christopher B. Brooks, and Frederick G. Gluck. A copy of the '628 Patent is attached hereto as Exhibit C.

11. United States Letters Patent No. 6,253,313 ("the '313 Patent"), entitled "Parallel Processor System For Processing Natural Concurrencies And Method Therefor,"

issued on June 26, 2001, to inventors Gordon E. Morrison, Christopher B. Brooks, and Frederick G. Gluck.  A copy of the '313 Patent is attached hereto as Exhibit D.

12.  BIAX is the owner of all rights, title and interest in and to the '755 Patent, the '945 Patent, the '628 Patent, and the '313 Patent ("the BIAX Patents") and is entitled to sue for past and future infringement.

## Background

13.  The BIAX Patents cover inventions relating to digital processors and digital processing systems.

14.  The Defendants have imported into the United States, marketed, sold and/or offered for sale in the United States, products covered by the BIAX Patents.

15.  The Defendants have had actual and/or constructive notice and knowledge of the BIAX Patents.  The filing of this Complaint also constitutes notice in accordance with 35 U.S.C. § 287.  Despite such notice, the Defendants continue to import into, market, sell, and/or offer for sale in the United States products covered by the BIAX Patents.

## Count I

16.  BIAX repeats and realleges the allegations in paragraphs 1-15 as though fully set forth herein.

17.  On information and belief, the Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '755 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products that incorporate the invention of the '755 Patent.

18.     On information and belief, the Defendants' infringement of the '755 Patent has been willful.  Defendants' continued infringement of the '755 Patent has damaged and will continue to damage BIAX.

19.     On information and belief, the Defendants' infringement of the '755 Patent has caused and will continue to cause BIAX irreparable harm unless enjoined by the Court.  BIAX has no adequate remedy at law.

### Count II

20.     BIAX repeats and realleges the allegations in paragraphs 1-15 as though fully set forth herein.

21.     On information and belief, the Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '945 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products that incorporate the invention of the '945 Patent.

22.     On information and belief, the Defendants' infringement of the '945 Patent has been willful.  Defendants' continued infringement of the '945 Patent has damaged and will continue to damage BIAX.

23.     On information and belief, the Defendants' infringement of the '945 Patent has caused and will continue to cause BIAX irreparable harm unless enjoined by the Court.  BIAX has no adequate remedy at law.

### Count III

24.     BIAX repeats and realleges the allegations in paragraphs 1-15 as though fully set forth herein.

25. On information and belief, the Defendants have infringed, contributed to the infringement of, and/or induced infringement of, the '628 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products that incorporate the invention of the '628 Patent.

26. On information and belief, the Defendants' infringement of the '628 Patent has been willful.  The Defendants' continued infringement of the '628 Patent has damaged and will continue to damage BIAX.

27. On information and belief, the Defendants' infringement of the '628 Patent has caused and will continue to cause BIAX irreparable harm unless enjoined by the Court.  BIAX has no adequate remedy at law.

### Count IV

28. BIAX repeats and realleges the allegations in paragraphs 1-15 as though fully set forth herein.

29. On information and belief, the Defendants have infringed, contributed to the infringement of, and/or induced infringement of, the '313 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products that incorporate the invention of the '313 Patent.

30. On information and belief, the Defendants' infringement of the '313 Patent has been willful.  The Defendants' continued infringement of the '313 Patent has damaged and will continue to damage BIAX.

31.     On information and belief, the Defendants' infringement of the '313 Patent has caused and will continue to cause BIAX irreparable harm unless enjoined by the Court. BIAX has no adequate remedy at law.

### Jury Demand

BIAX, Inc. respectfully requests a trial by jury.

### Prayer for Relief

WHEREFORE, BIAX, Inc., respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.  Adjudge that the Defendants are infringing the BIAX Patents;

B.  Adjudge that the Defendants' infringement of the BIAX Patents was willful, and that Defendants' continued infringement of the BIAX Patents is willful;

C.  Award BIAX damages in an amount adequate to compensate BIAX for the Defendants' infringement of the BIAX Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D.  Enter an order trebling any and all damages awarded to BIAX by reason of the Defendants' willful infringement of the BIAX Patents, pursuant to 35 U.S.C. § 284;

E.  Enter an order awarding BIAX pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs;

F.  Enter an order finding that this is an exceptional case and award BIAX its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G.  Award such other relief as the Court may deem appropriate and just under the circumstances.

Dated: January 12, 2006

Respectfully submitted,

By: /s/Sam Baxter
Sam Baxter, Attorney-in-Charge
Texas State Bar No. 01938000
Theodore Stevenson, III
Texas State Bar No. 19196650

MCKOOL SMITH, P.C.
P.O. Box O
Marshall, Texas 75671
Telephone: (903) 927-2111
Fax: (903) 927-2622
sbaxter@mckoolsmith.com
tstevenson@mckoolsmith.com

OF COUNSEL:

Raphael V. Lupo
Mark G. Davis
Brian E. Ferguson
D. Sean Trainor
Bureden J. Warren
Anish Desai

McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8000
Facsimile: (202) 756-8087